# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| AMY MCDILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Act. No.: 2:18-cv-597-ECM |
| | ) | (WO) |
| STATE OF ALABAMA BOARD OF | ) | |
| PADRONS AND PAROLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

Now pending before the court is the Defendants' partial motion to dismiss and motion for more definite statement, filed on July 19, 2018. (Doc. 9). Plaintiff McDill filed a response on August 15, 2018 (doc. 20), and the Defendants filed a reply on August 22, 2018 (doc. 23). For the reasons that follow, the Defendants' motion (doc. 9) is granted in part and denied in part.

## I.   Partial Motion to Dismiss.

### A.  Standard of Review.

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In analyzing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court accepts the factual allegations in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). However, "if allegations [in the complaint] are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.* at 1337. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### B. Discussion.

The Defendants move this Court to dismiss seven groups of claims: (1) claims pursuant to 42 U.S.C. § 1201, et seq.; (2) claims of age discrimination pursuant to 42 U.S.C. § 1981; (3) claims of sex or gender[1] discrimination pursuant to 42 U.S.C.

---

[1] McDill uses both the terms "sex" and "gender" to describe some of her claims. The Court construes McDill's gender discrimination claims to be the same as her sex discrimination claims.

§ 1981; (4) claims of retaliation for engaging in protected conduct relating to sex or age discrimination pursuant to 42 U.S.C. § 1981; (5) claims against Bryant and Brown pursuant to 42 U.S.C. § 1983; (6) claims against Bryant in his official capacity; and (7) claims of age discrimination pursuant to Title VII of the Civil Rights Act of 1964. (Doc. 9, pp. 4, 9–10). Plaintiff McDill affirmatively concedes that five of these groups of claims are due to be dismissed (numbers 1–4 and 6 above) and expressed no opposition to dismissal of her Title VII age discrimination claims. (Doc. 20, p. 2).

First, the parties agree that McDill's claims pursuant to 42 U.S.C. § 1201, et seq. are due to be dismissed. (Doc. 9, pp. 1–2, 9–10) (Doc. 20, p. 2). Indeed, 42 U.S.C. § 1201 is a federal appropriations statute that allocates resources to states to provide aid to blind individuals. Nothing in the statute authorizes a right of action that relates to employment discrimination. Accordingly, all claims pursuant to 42 U.S.C. § 1201, et seq. are dismissed.

Next, the parties agree that McDill's claims of age and sex discrimination pursuant to 42 U.S.C. § 1981 are due to be dismissed. (Doc. 9, pp. 3, 9) (Doc. 20, p. 2). The law is clear that the protections of § 1981 do not extend to claims of discrimination based on age or sex. *See Moore v. Grady Memorial Hosp. Corp.*, 834 F.3d 1168, 1171 (11th Cir. 2016) ("§1981 has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and

enforce contracts' without respect to race.") (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474–75 (2006)); *see also Kilcrease v. Coffee County, Ala.*, 951 F.Supp. 212, 215 (M.D. Ala. 1996) ("A claim of discrimination on the basis of age or sex cannot be maintained under § 1981."). Accordingly, McDill's claims of age and sex discrimination pursuant to 42 U.S.C. § 1981 are dismissed.

Additionally, the parties agree that McDill's claims of retaliation for engaging in protected conduct relating to sex or age discrimination pursuant to 42 U.S.C. § 1981 are due to be dismissed. (Doc. 9, p. 10) (Doc. 20, p. 2). While 42 U.S.C. § 1981 provides relief for claims of retaliation, § 1981 protections do not extend to claims based on age or sex. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457 (2008). Accordingly, McDill's claims of retaliation for engaging in protected conduct relating to age or sex discrimination pursuant to 42 U.S.C. § 1981 are dismissed.

The parties do not dispute that McDill's claims against Bryant, the former Executive Director of the State of Alabama Board of Pardons and Paroles ("the Board"), in his official capacity, are due to be dismissed. (Doc. 9, pp. 4, 10) (Doc. 20, p. 2). Claims made against a state official in his official capacity are claims made against the state entity where that official works. *See Green v. Graham*, 906 F.3d 955, 962 (11th Cir. 2018) ("Suits against state officials in their official capacity are 'only another way of pleading an action against an entity of which an officer is an agent.'"). Suits against former officials in their official capacity are improper.

Accordingly, because Bryant is no longer the Executive Director of the Board, all official capacity claims against him are dismissed.

Further, the Defendants argue that McDill's claims of age discrimination pursuant to Title VII of the Civil Rights Act of 1964 are due to be dismissed. (Doc. 9, p. 4). McDill fails to address this argument. In any event, the law is clear that age discrimination claims are not cognizable under Title VII. *See University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 347 (2013) (explaining that Title VII prohibits discrimination on the basis of race, color, religion, sex, and national origin.). Thus, to the extent that McDill seeks relief for age discrimination under Title VII, those claims are dismissed.

## II.    Motion for More Definite Statement.

The Defendants move the Court, pursuant to FED.R.CIV.P. 12(e), to order McDill to file a more definite statement, asserting that McDill's complaint is a "shotgun pleading." The Court agrees.

McDill is directed to refile her complaint, "present[ing] each claim for relief in a separate count . . . and with such clarity and precision that [each] defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Accordingly, it is

ORDERED that:

1.  Defendants' partial motion to dismiss be and is hereby GRANTED in part and DENIED in part.

2.  Plaintiff's claims pursuant to 42 U.S.C. § 1201, et seq. be and are hereby DISMISSED with prejudice.

3.  Plaintiff's claims of age discrimination pursuant to 42 U.S.C. § 1981 be and are hereby DISMISSED with prejudice.

4.  Plaintiff's claims of sex discrimination pursuant to 42 U.S.C. § 1981 be and are hereby DISMISSED with prejudice.

5.  Plaintiff's claims of retaliation for engaging in protected conduct related to age or sex discrimination pursuant to 42 U.S.C. § 1981 be and are hereby DISMISSED with prejudice.

6.  Plaintiff's claims against Defendant Phil Bryant in his official capacity be and are hereby DISMISSED with prejudice.

7.  Plaintiff's claims of age discrimination pursuant to Title VII of the Civil Rights Act of 1964 be and are hereby DISMISSED with prejudice.

8.  All other aspects of the Defendants' motion to dismiss are DENIED without prejudice.

9.  Defendants' motion for more definite statement be and is hereby GRANTED.

10. Plaintiff shall file an amended complaint, which conforms with the Federal Rules of Civil Procedure, **no later than January 28, 2019**.

DONE this 14th day of January, 2019.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE