IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMY MCDILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Act. No.: 2:18-cv-597-ECM |
| | ) | (WO) |
| STATE OF ALABAMA BOARD OF | ) | |
| PADRONS AND PAROLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on Defendants' Partial Motion to Dismiss the Plaintiff's Amended Complaint and Motion for a More Definite Statement (doc. 31), filed on February 11, 2019.

The Plaintiff, Amy McDill ("Plaintiff"), originally filed a complaint in this case on June 21, 2018. (Doc. 1). In her original complaint, the Plaintiff brought claims of unlawful discrimination against seven defendants: The State of Alabama Board of Pardons and Paroles, Phil Bryant, Stacey Brown, Chris Norman, Cliff Walker, Lynn Head, and Terry G. Davis ("Defendants"). On July 19, 2018, the Defendants filed a Partial Motion to Dismiss and Motion for a More Definite Statement. (Doc. 9).

On January 14, 2019, this Court granted in part and denied in part the Defendants' Partial Motion to Dismiss, dismissing the following claims with prejudice: claims pursuant to 42 U.S.C. § 1201, et seq.; claims of age discrimination pursuant to 42 U.S.C. § 1981; claims of sex discrimination pursuant to 42 U.S.C. § 1981; claims of retaliation for

engaging in protected conduct related to age or sex discrimination pursuant to 42 U.S.C. § 1981; claims against Defendant Phil Bryant in his official capacity; and claims of age discrimination pursuant to Title VII of the Civil Rights Act of 1964. (Doc. 28). Additionally, this Court granted the Defendants' Motion for a More Definite Statement and directed the Plaintiff to file an amended complaint conforming to the Federal Rules of Civil Procedure. (*Id*. at 7).

On January 28, 2019, the Plaintiff filed an amended complaint. (Doc. 29). The Defendants again moved for Partial Dismissal and More Definite Statement. (Doc. 31). For the reasons that follow, the Defendants' motion is granted in part and denied in part.

The Defendants move, pursuant to FED.R.CIV.P. 12(e), for a more definite statement, asserting that the Plaintiff's complaint is a "shotgun pleading." In response, the Plaintiff argues that her amended complaint is not a shotgun pleading but because "very limited, practically no discovery, has been undertaken, it is necessary to have a broad pleading." (Doc. 33 at 1). The Plaintiff's "limited discovery" argument ignores clear precedent.

The U.S. Supreme Court specified that "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Further, "discovery *follows* the filing of a well-pleaded complaint[;] [i]t is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Carter v. DeKalb Co., Ga*, 521 Fed. Appx. 725, 728 (11th 2013)(emphasis in original). Likewise, "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th

Cir. 2018). Such pleadings "waste scarce judicial resources" and "'inexorably broaden the scope of discovery . . .'" *Id.* (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981-83 (11th Cir. 2008)). Moreover, a plaintiff engages in shotgun pleading when she "asserts multiple claims against multiple defendants without specifying which of defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (stating that the plaintiff's complaint was a "quintessential 'shotgun' pleading" because it referred to the defendants collectively, making no distinctions among them concerning the conduct in which they engaged). When a plaintiff drafts a shotgun complaint, she deprives defendants of "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

In the instant case, the Court previously directed the Plaintiff to file an amended complaint which conforms with the Federal Rules of Civil Procedure. (Doc. 28). Despite this directive, the Plaintiff's amended complaint, like her original complaint, qualifies as a shotgun pleading, wherein she asserts multiple claims against multiple defendants, yet fails to specify which defendants are responsible for what alleged discriminatory conduct. Specifically, the Plaintiff alleges three separate causes of action against seven separate defendants. Nowhere in the amended complaint, however, does the Plaintiff attempt to draw distinctions between the conduct of the seven Defendants in relation to the separate causes of action. Instead, she continually uses vague and general language that "the Defendants[']" actions caused her harm. The Plaintiff's failure to delineate which facts

3

and which counts apply to which Defendants deprives them of the adequate notice of the allegations against them to which they are entitled. Notably, the amended complaint references claims which this Court previously dismissed with prejudice, further contributing to the pleading's the lack of clarity. For these reasons, the Court concludes that the amended complaint (doc. 29) filed on January 28, 2019 is due to be STRICKEN from the docket as it does not comport with the Court's order to file an amended complaint that is clear and concise, and details specific claims and factual allegations against each defendant.

For the reasons discussed, it is ORDERED as follows:

1. Defendants' Motion for More Definite Statement (doc. 31) is GRANTED.
2. The Amended Complaint filed on January 28, 2019 is STRICKEN from the docket.
3. That on or before November 13, 2019, Plaintiff shall file an amended complaint that specifically:
    a. Identifies the individual(s) the plaintiff seeks to name as defendants and provides facts to show that particular individual's participation or involvement in her claims;
    b. Identifies each claim relative to the actions taken against her by each named defendant;
    c. Describes with clarity the specific factual allegations that are material to each specific count against each named defendant;

    d. Describes how each named defendant violated the plaintiff's rights; and

    e. Complies with FED.R.CIV.P. 8 and which is complete unto itself, which does not incorporate any previous pleading by reference, and which complies with this and all previous Orders of the Court in this case.

It is further ORDERED that the Defendants' Partial Motion to Dismiss is DENIED as moot.

DONE this 30th day of October, 2019.

                                      /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE